UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SZD Whiteboard, LLC,

    Plaintiff,

-v-                                Case No. 2:11-cv-532

Omnicity Corp.,                   Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Emergency Motion to Enforce Stay Order, For Injunctive Relief, and to Show Cause ("Emergency Motion"), ECF No. 19.

Plaintiff filed this action on June 16, 2011, alleging Defendant breached the terms of a cognovit note and seeking injunctive relief. On June 21, 2011, this Court entered cognovit judgment against Defendant. On June 23, 2011, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO") requesting that this Court enjoin the Defendant from transferring the collateral which secured the original note, shares of Omnicity Inc. stock, to anyone other than Plaintiff; freeze the collateral; and direct Defendant to deliver the collateral to Plaintiff. On June 24, 2011, the Court held a status conference and set a hearing on the Motion for TRO for June 29, 2011. On June 29, 2011, this Court issued a scheduling order which read:

> Please take notice that today's Hearing on the Motion for Temporary Restraining Order and Preliminary Injunction is **STAYED** pending mediation with the Court's Mediator Robert Kaiser. The Court **REFERS** this case to Mediator Robert Kaiser to conduct a formal, in person mediation with the parties. The parties are directed to contact Mediator Robert Kaiser today at (513) 564-7330 to schedule the mediation. **IT IS SO ORDERED.**

Order, ECF 13. Both parties met with Mr. Kaiser on July 10, 2011 to mediate the case. No final agreement was reached on that day, but Mr. Kaiser continued to communicate with the parties throughout July. Emergency Mot. 3, ECF No. 19.

On August 8, 2011, Plaintiff registered the cognovit judgment entry in the United States District Court for the Southern District of Indiana. *SZD Whiteboard, LLC v. Omnicity Corp.*, No. 1:11-mc-98, ECF No. 1 (S.D. Ind. August 8, 2011). The district court in Indiana ordered M&I Bank to freeze all accounts maintained by Defendant Omnicity Corp. *SZD Whiteboard, LLC v. Omnicity Corp.*, No. 1:11-mc-98, ECF No. 8 (S.D. Ind. August 31, 2011). According to Defendant, M&I Bank improperly froze a bank account belonging to Omnicity Inc., a legal entity separate from Defendant. Emergency Mot. 4, ECF No. 19.

In the case *sub judice*, Defendant now moves the Court to enjoin Plaintiff from taking any further action in this case until further order of the Court, order the Plaintiff to show cause as to why Plaintiff should not be held in contempt, and require Plaintiff to reimburse Defendant for damages caused by Plaintiff's alleged violation of the June 29, 2011 order. Defendant argues that registering the judgment in Indiana was a violation of the Court's June 29, 2011 order. *Id.* at 3–4. Plaintiff argues that the plain language of the June 29, 2011 order stayed only the hearing date and did not prevent the Plaintiff

from enforcing the cognovit judgment. Plaintiff also argues the harm to Defendant was due to a mistake by M&I Bank, not any improper action by Plaintiff. Pl.'s Mem. Opp'n 3–4, ECF No. 20.

The June 29, 2011 scheduling order says only "today's Hearing on the Motion for Temporary Restraining Order and Preliminary Injunction is **STAYED** . . . ." Order, ECF No. 13 (emphasis in original). It says nothing of the cognovit judgment. The plain reading of the June 29, 2011 order therefore stayed only the hearing. Accordingly, Plaintiff's registration of the cognovit judgment in the Southern District of Indiana was within its discretion and represents a lawful remedy Plaintiff was entitled to seek after it obtained the judgment against Defendant. Indeed, Defendant knew or should have known that Plaintiff might seek such a remedy when Defendant executed the cognovit note. In sum, Plaintiff did not violate this Court's order and no injunctive remedy is warranted. In addition, any harm caused by the improper freezing of assets is a matter between Defendant and M&I Bank.

The Court **DENIES** Defendant's Emergency Motion to Enforce Stay Order, For Injunctive Relief, and to Show Cause, ECF No. 19.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**